UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. AIKEN,<br><br>                      Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>                      Defendant. | Case No.: 18-CV-908 JLS (WVG)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (3) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 13) |

      Presently before the Court is Magistrate Judge William V. Gallo's Report and Recommendation ("R&R," ECF No. 13). Magistrate Judge Gallo recommends that the Court deny Plaintiff's Motion for Summary Judgment ("Pl. MSJ.," ECF No. 9) and grant Defendant's Cross-Motion for Summary Judgment ("Def. MSJ.," ECF No. 10). Plaintiff did not oppose Defendant's Motion and did not file any objections to the R&R. Having considered Magistrate Judge Gallo's R&R, the Parties' arguments, and the law, the Court rules as follows.

///

///

## BACKGROUND

Magistrate Judge Gallo's R&R contains a complete and accurate recitation of the relevant factual and procedural histories underlying the instant motions. *See* R&R at 5–7. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

Plaintiff contends the Administrative Law Judge ("ALJ") made two errors in its decision that require reversal or remand. Pl. MSJ at 14–18. First, Plaintiff argues that the "ALJ erred in posing an incomplete hypothetical to the [v]ocational [e]xpert . . . , thus invalidating the vocational expert[']s testimony regarding Ms. Aiken's ability to perform past relevant work." *Id.* at 14. Although Magistrate Judge Gallo agreed with Plaintiff that the ALJ asked the vocational expert an incomplete hypothetical, R&R at 8–9, Magistrate Judge Gallo concluded that the error was harmless. *Id.* at 10.

Second, Plaintiff argues that the ALJ improperly weighed the opinion of Dr. Amy Kanner because "Dr. Kanner was not privy to any of Ms. Aiken's medical records, and findings from the evaluation conflicted with the recorded evidence." Pl. MSJ at 16. After reviewing the record, Magistrate Judge Gallo concluded that the ALJ did not err because "the ALJ appropriately evaluated the record as a whole and properly weighted Dr. Kanner's findings and opinion, which w[ere] supported by Plaintiff's medical history." R&R at 11.

| | |
|---|---|
| 1 | Because Petitioner failed timely to object to Magistrate Judge Gallo's R&R, the Court reviews the R&R for clear error. The Court finds that the R&R is well reasoned and contains no clear error. Accordingly, the Court **ADOPTS** in its entirety Magistrate Judge Gallo's R&R (ECF No. 13) and **GRANTS** Defendant's Motion (ECF No. 10). |

**CONCLUSION**

For the reasons stated above, the Court (1) **ADOPTS** the R&R (ECF No. 13) in its entirety, (2) **DENIES** Plaintiff's Motion for Summary Judgment, and (3) **GRANTS** Defendant's Cross-Motion for Summary Judgment. The Clerk of the Court **SHALL ENTER** judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 12, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge